UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JAHODA,<br><br>Plaintiff,<br><br>v.<br><br>POSHMARK, INC.,<br><br>Defendant. | LEAD CASE<br><br>No. 2:19-cv-00267-AJS |
| MATTHEW A. KOLESAR,<br><br>Plaintiff,<br><br>v.<br><br>FREE COUNTRY, NEW YORK, LLC, | CONSOLIDATED CASE<br><br>Case No.: 1:19-CV-00077-AJS MEMBER CASE<br><br>**[PROPOSED]**<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE, MONETARY AND OTHER RELIEF** |

## CONSENT DECREE AND ORDER

1.      Matthew A. Kolesar ("Plaintiff"), filed a Complaint on March 15, 2019, against Free Country, New York, LLC (the "Company"), alleging that the Company failed to design, construct, and maintain its website, www. freecountry.com ("Website"), in a manner that is fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Plaintiffs allege this resulted in a denial of full and equal access to the Websites, and the products and services offered on the Websites, in violation of Title III of the Americans with Disabilities Act ("ADA")(42 U.S.C. § 12101 *et seq.*).

2.      The Company denies the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's

56218371v.1

Complaint. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3.     To avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief or damages.

4.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against the Company for injunctive relief and damages that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or any other state or federal civil rights, and this Consent Decree and Order should not be construed as such.

## I. JURISDICTION

5.     The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC § 12101 *et seq*.

## II. INJUNCTIVE RELIEF

6.     The Company will, within twenty-four months of the Effective Date, use good faith efforts to cause the Websites to substantially conform with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA to the extent readily achievable.  Should the Department of Justice issue final regulations, or the United States Court of Appeals for the Third Circuit issue a precedential opinion, adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, the Company shall have the option of complying with that legal standard, which option it may exercise in its sole discretion.  Notwithstanding the foregoing, Third Party Content on the Website will not be required to meet the WCAG 2.0 Level AA standard. The term "Third Party Content" refers to web content that is not developed or owned by the Company or any Releasee.

2

### III.    MONETARY RELIEF

7.        The Company will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Addendum executed between the Parties separately from this Consent Decree. Plaintiff agrees that neither he nor his attorneys are entitled to any other monetary compensation as a result of the Lawsuit, this Consent Decree, or any other claim Plaintiff may have against the Company. The Confidential Addendum shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Confidential Addendum.

### IV.    ENTIRE CONSENT DECREE AND ORDER

8.        This Consent Decree and Order, together with the Confidential Addendum referenced in Paragraph 7, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described in this Consent Decree.

### V.    RELEASE OF CLAIMS

9.        For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of himself and any of his agents, employees, representatives, assigns, heirs, executors, trustees, partners and attorneys, and each of them ("Releasors"), shall be deemed to have jointly and severally forever released and discharged the Company, its affiliates and related entities, together with its and their respective past, present, and future officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiary entities, other related entities, partners, insurers, contractors, independent consultants, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing ("Releasees"), from any and all claims,

3

causes of action, suits, demands, rights, liabilities, damages, lawsuits, legal proceedings, losses,

fees, costs and expenses of any kind whatsoever, whether known or unknown, including, but not

limited to, any related monetary, injunctive or declaratory relief, and for reimbursement of

attorney's fees, costs and expenses, relating to the Websites, the Company's other digital assets,

and the Complaint ("Released Claims"). Plaintiff, on his own behalf and on behalf of the other

Releasees, acknowledge that the Released Claims may include claims that are presently

unknown, and that the release contained in this Consent Decree is intended to and does fully,

finally and forever discharge all Released Claims, whether now asserted or unasserted, known or

unknown, which arise out of or in connection with the Released Claims.

10.    Plaintiff hereby expressly and knowingly waives and relinquishes any and all

rights that he has or might have relating to the Released Claims under California Civil Code §

1542 (and under any and all other statutes or common law principles of similar effect) which

reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR

OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM

OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH

THE DEBTOR OR RELEASED PARTY.

11.    Plaintiff acknowledges that he may hereafter discover facts different from, or in

addition to, those which he now believes to be true with respect to the Released Claims. On his

own behalf and on behalf of all of the Releasees, Plaintiff agrees that the foregoing release and

waiver shall be and remain effective in all respects notwithstanding such different or additional

facts or discovery thereof, and that this Consent Decree contemplates the extinguishment of all

such Released Claims. By executing this Consent Decree, Plaintiff acknowledges the following:

(a) he is represented by counsel of his own choosing; (b) he has read and fully understands the

provisions of California Civil Code § 1542; and (c) he has been specifically advised by his

counsel of the consequences of the above waiver and this Consent Decree generally.

4

12.     Plaintiff expressly covenants that, as against any Releasee, he has not and will not file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or other proceeding, or seek damages or other relief incurred or allegedly incurred by him, related to, arising out of, or in any way connected with the Complaint or any Released Claim.

## VI.     ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

13.     This Consent Decree and Order shall be binding on Plaintiff, the Company and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

14.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

## VII.     TERM OF THE CONSENT DECREE AND ORDER

15.     This Consent Decree and Order shall become Effective on the date the Order is signed by the Court ("Effective Date").

16.     This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of 24 months from the Effective Date without further action by the Parties ("Expiration Date").

## VIII.     SEVERABILITY

17.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## IX.     RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

18.     This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

19.     If any Party believes that any other Party has failed to comply with any provision

of the Decree, the complaining Party shall notify the alleged non-complying Party in writing of

such non-compliance and afford the alleged non-complying Party thirty (30) days to remedy the

non-compliance or satisfy the complaining Party that the alleged non-complying Party will

comply within a certain period of time. If the alleged non-complying Party has not remedied the

alleged non-compliance or satisfied the complaining Party that it has complied within that time,

the Parties shall meet and confer regarding the non-compliance.  If the Parties are unable to

resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The

Court may order appropriate relief should it determine that either Party has not complied with

this Decree.

AGREED:

MATTHEW A. KOLESAR                      FREE COUNTRY NEW YORK, LLC

_Matthew A. Kolesar_                    By: _____ TED /4,243

Date: ___6/10/2019___                   Its: _____C.O.O._____

                                        Date: ____6/11/19____

                                        SO ORDERED this 12th day of June , 2019.

                                        BY THE COURT: _____

                                        _____
                                        Honorable Arthur J. Schwab
                                        UNITED STATES DISTRICT JUDGE

6